IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DON BOYCE, Individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v | ) | No. 3:15-cv-00696 |
| TRIPLE CROWN SERVICES COMPANY, | ) | **CLASS ACTION COMPLAINT** |
| Defendant. | ) | |

**<u>CLASS ACTION COMPLAINT</u>**

COMES NOW the Plaintiff, DON BOYCE, Individually and on Behalf of All Others Similarly Situated, and for this CLASS ACTION COMPLAINT brought pursuant to the Federal Rules of Civil Procedure Rule 23 against Defendant TRIPLE CROWN SERVICES COMPANY, states:

**<u>The Parties, Jurisdiction and Venue</u>**

1. Plaintiff and class representative Don Boyce is an individual citizen of the State of Illinois.

2. Defendant Triple Crown Services Company (hereafter "Triple Crown") is a foreign corporation doing business in the interstate trucking industry.

3. Triple Crown is a regulated motor carrier subject to the authority and regulations of the United States Department of Transportation (DOT). Triple Crown maintains and operates two terminals in Illinois including a terminal in Edwardsville, Illinois.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (Federal Question jurisdiction), because plaintiff's cause of action is established by 49 U.S.C. §14704(a)(2)

5 . Venue is proper in this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332(d), 28 U.S.C. §1367, and 28 U.S.C. §1391 (b). As alleged herein, substantial transactions related to this litigation – including the operation of a Triple Crown terminal in Edwardsville, Illinois, staffed by more than 35 drivers - occurred in the Southern District of Illinois.

## Class Action Allegations

6. Pursuant to Federal Rules of Civil Procedure 23(b), plaintiff seeks class action certification of the following class:

> **All individuals who signed an Contractor Operating Agreement with Triple Crown in the last five years.**

7. Numerosity – Rule 23 (a)(1): The class is numerous; the putative class of drivers is, on information and belief, in excess of five hundred members. Proceeding in individual suits with simple joinder of members is impracticable.

8. Commonality – Rule 23 (a)(2): The question of law at the center of this lawsuit - whether Triple Crown illegally required drivers to rent a Qualcomm satellite communication device from Triple Crown in violation of federal Truth in Leasing regulations - applies to plaintiff and all putative class members.

9. Typicality – Rule 23(a)(3): The named plaintiff's claims are typical of the claims of all class members. The named plaintiff and each and every putative class

member signed the Independent Operator Agreement with Triple Crown that required renting the Qualcomm from Triple Crown.

10. Adequate Representation – Rule 23(a)(4): Plaintiff is an adequate representative of the class; plaintiff will fairly and adequately represent the interests of the members of the class and is not an individual or lead plaintiff in any other litigation with Triple Crown. Plaintiff's interests are not in conflict with the interests of other members of the class. Plaintiff's attorneys are experienced, qualified, and competent to handle this class action litigation. The lead attorneys are AV rated by Martindale Hubbell, have on multiple occasions made presentations at continuing legal education seminars, and have decades of experience litigating complex cases in federal court; counsel for plaintiff and the class have successfully tried many cases to verdict in federal court. Plaintiff will vigorously prosecute the class interest through qualified counsel.

11. As specifically alleged herein, questions of law and fact common to the class predominate over any questions affecting individual members of the class.

12. A class action is superior to other available litigation methods for the fair and efficient adjudication of this controversy. Without class representation many individual class members will be deterred from litigation by its complexity and expense. Even if individual class members were willing and able to litigate alone, the Court would be inundated with myriad lawsuits involving identical facts and identical legal issues; this would exponentially increase the expenses to all parties and the burdens on the Court. Proceeding by class action presents fewer management difficulties and provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by this Court.

**COUNT I**

*49 C.F.R. § 376.12(I) Truth in Leasing Violation*

13. Plaintiff incorporates by reference all allegations of the preceding paragraphs 1 to 12.

14. The introductory language in 49 C.F.R. §376.12 states: "The required lease provisions shall be adhered to and performed by the authorized carrier." 49 C.F.R. §376.12(i) states: a "lease shall specify that the lessor is not required to purchase or rent any products, equipment, or services from the authorized carrier as a condition of entering into the lease arrangement."

15. There is no federal rule or regulation that requires that highway tractor trailers be equipped with satellite communications equipment.

16. The Contractor Operating Agreement ¶13(a) states: "Carrier hereby subleases to Contractor the equipment and other necessary components of the [Qualcomm] … Legal title to the System hardware and software shall remain in Carrier as its sole property." *See* plaintiff's Contractor Operating Agreement, attached hereto as Exhibit 1.

17. ¶6 of Addendum II to the Contractor Operating Agreement states: "Satellite Communication Charges. Weekly lease and usage charges are $15.00. The cost to remove and/or reinstall the satellite equipment from the Equipment shall be charged back to contractor." *See* Exhibit 1.

18. Triple Crown advertises to the public that all of its tractor trailers are equipped with Qualcomm satellite communications equipment.

19. The terms of ¶13, including subsections (a) to (g), are mandatory terms that require the driver to rent the Qualcomm from Triple Crown as a condition of the agreement.

20. The terms of ¶13 violate 49 C.F.R. §376.12(i).

21. Plaintiff and class members have suffered damages directly and proximately caused by Triple Crown's violations of 49 C.F.R. §376.12(i) through its Contractor Operating Agreement, including paragraph 13(a) through (g), inclusive, which require the illegal leasing of the Qualcomm system.

22. Plaintiff and class members have suffered compensatory damages including, *inter alia*, $15.00 per week rent deductions by Triple Crown, and charges by Triple Crown for the removal or reinstallation of the Qualcomm.

23. Plaintiff and class members are entitled to attorneys' fees accrued in this action pursuant to 49 U.S.C. §14704(e).

WHEREFORE, Plaintiff, on his behalf and on behalf of the class members identified herein, as to Count I respectfully requests that this Court find for plaintiff and the class members and against Triple Crown and award plaintiff and class members compensatory damages, attorneys' fees, and such additional relief the Court deems just and proper.

## COUNT II

*Preliminary Injunction*

24. Plaintiff incorporates by reference all allegations of the preceding paragraphs 1 to 23 as if fully set forth in this Count.

25. Plaintiff and class members seek a preliminary injunction to enjoin Triple Crown from requiring as a mandatory term of the Contractor Operating Agreement that drivers rent the Qualcomm from Triple Crown.

26. Plaintiff's Contractor Operating Agreement proves that Triple Crown is at present requiring plaintiff and class members to rent the Qualcomm from Triple Crown.

27. The District Court for the District of Kansas ruled on April 27, 2015, after certifying a class action, that the precise practice alleged herein of a trucking company requiring per its contractor operating agreement that drivers pay $15.00 per week to rent satellite communication equipment violates 49 C.F.R. §376.12(i). *See Fox v. Transam Leasing, Inc,* 2015 U.S. Dist. LEXIS 54514.

28. Triple Crown is a large employer with more than 500 drivers and operations in more than 10 states. In balancing the equities between modestly paid truck drivers and Triple Crown, and the transparent nature of this unlawful practice, the equities compel the Court to enjoin the defendants from continuing to unlawfully deduct rents and causing permanent financial harm to plaintiff and class members.

29. The public suffers harm from Triple Crown's illegal rent deductions; Triple Crown must not be permitted to operate at an unfair competitive advantage to trucking companies who are operating lawfully *vis a vis* the Truth in Leasing regulations.

WHEREFORE, Plaintiff, on his behalf and on behalf of the class members identified herein, as to Count II respectfully requests that this Court give notice to the parties, set a prompt and early date for hearing on a preliminary injunction, and that after hearing the Court enjoin Triple Crown from requiring as a mandatory term of the Contractor Operating Agreement that drivers rent the Qualcomm from Triple Crown.

PLAINTIFF, DON BOYCE
Individually and on behalf of all others similarly situated

By: */s/ Lee W. Barron*

Lee W. Barron (IL #6195132)
William D. Buchanan (IL #6312437)
LEE W. BARRON, P.C.
112 Front Street
Alton, IL 62002
Phone: 618-462-9160
Fax: 618-462-9167
Lee@leebarronlaw.com
Will@leebarronlaw.com

ATTORNEYS FOR PLAINTIFF