IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DON BOYCE, | ) | |
| Individually and on behalf of | ) | |
| all others similarly situated, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v | ) | No. 15-cv-0696-MJR-SCW |
| | ) | |
| TRIPLE CROWN SERVICES CO., | ) | |
| | ) | |
|     Defendant. | ) | |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, AND APPROVING FORM AND MANNER OF NOTICE

**REAGAN, Chief District Judge:**

This matter initially came before the Court on Plaintiff's Complaint, filed June 23, 2015. Defendants filed a timely response and the case proceeded through discovery. In August 2016 a Motion for Class Certification was filed, and it was fully briefed by November 2016. In the interim, a motion for summary judgment was filed, but, upon participating in a November 2016 settlement conference before Magistrate Judge Stephen C. Williams, the parties were ultimately able to resolve the matter via a settlement agreement. The terms of the settlement are now before the Court for preliminary approval so that the parties can initiate the appropriate notification process for class members. The Court hereby **GRANTS** preliminary approval of the settlement agreement pursuant to the following:

1. Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the Settlement Class (as described in Paragraph 5, below) and a hearing to settle the action, upon the terms and conditions set forth in the Class Action Settlement Agreement and Release of Claims (the "Agreement" or "Settlement Agreement"), which has been filed with the Court.

2. The Court has reviewed the Settlement Agreement, as well as the filings, records and proceedings to date in this matter. The terms of the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

3. Based upon preliminary examination, it appears to the Court that the Settlement Agreement is fair, reasonable, and adequate, that the Settlement Class should be certified for settlement purposes, subject to Paragraph 10, below, and that a hearing should be held after notice to the Settlement Class to determine whether the Settlement Agreement is fair, reasonable and adequate, and whether a settlement approval order and final judgment should be entered in this action, based upon that Settlement Agreement.

4. By entering into the Settlement Agreement, Defendant has not admitted to any wrongdoing or liability on its part and denies the same. The Settlement Agreement between the parties is a compromise of disputed claims and does not mean, and shall not be construed to mean, that Defendant is liable with respect to any claim asserted in

the Complaint or that Defendant agrees that this action was properly certifiable as a class action.

Based upon the foregoing, IT IS HEREBY ORDERED:

1. **Preliminary Approval of Proposed Settlement.** The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that (a) the Settlement Agreement resulted from extensive litigation and arm's-length negotiations, including mediation under the auspices of Magistrate Judge Stephen C. Williams; and (b) the Settlement Agreement is sufficient to warrant notice thereof to members of the Settlement Class and the Settlement Hearing described below.

2. **Class Certification for Settlement Purposes Only.** Pursuant to FED. R. CIV. P. 23(b)(3), the Court, for settlement purposes only, hereby conditionally certifies a class (the "Settlement Class") consisting of:

> Any signatory of a contractor operating agreement with Triple Crown Services Company who, since June 23, 2011, paid Qualcomm satellite communication equipment and service charges to Triple Crown Services Company, pursuant to the agreement.

    (a) In connection with the certification, the Court makes the following preliminary findings:

        (1) FED. R. CIV. P. 23(a)(1) is satisfied because the Class appears to be so numerous that joinder of all members is impracticable, in the initial

motion for class certification, the Plaintiff indicated the class may exceed 600 members—an assertion the Defendants did not contest ;

(2) FED. R. CIV. P. 23(a)(2) is satisfied because there appear to be questions of law and fact common to the above-described Class;

(3) FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the named plaintiff appear to be typical of the claims being resolved through the proposed Settlement;

(4) FED. R. CIV. P. 23(a)(4) is satisfied because Class Representative Don Boyce appears to be capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement and because Counsel representing the Class, Lee W. Barron, P.C. and Armbruster, Dripps, Winterscheidt & Blotevogel, LLC, are qualified, competent and capable of prosecuting this action on behalf of the Class. Adequacy of representation therefore is satisfied.

(5) For purposes of determining whether the Settlement is fair, adequate and reasonable, the Court finds the requirements of FED. R. CIV. P. 23(b)(3) have been satisfied because Defendant has acted on grounds generally applicable to the Settlement Class and common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members and because settlement with the above-described Settlement Class

appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant adjudication through settlement by representation.

    (b)    In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a settlement class.

    (c)    Named plaintiff Don Boyce is designated as the class representative.

    3.    **Class Counsel.**  The Court appoints Lee W. Barron, P.C. and Armbruster, Dripps, Winterscheidt & Blotevogel, LLC as counsel for the Settlement Class. For purposes of these settlement approval proceedings, the Court finds that these counsel are competent and capable of exercising their responsibilities as Class Counsel.

    4.    **Settlement Hearing.**  A final approval hearing (the "Settlement Hearing") shall be held before this Court on May 17, 2017, at 10:00 a.m., as set forth in the Notice (described in Paragraph 5 below), to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Settlement Agreement and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 9, below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to

the Settlement Class. After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Settlement Agreement (the "Final Judgment") that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

**5.** **Notice.** Defendant shall comply with the notice requirements of Paragraph 16 of the Settlement Agreement. In compliance with that Paragraph, within thirty (30) days of entry of this Order, Defendant shall cause a Notice of Pendency of Class Action, Proposed Settlement and Hearing ("Notice") to be mailed by United States mail to all individuals who, from Triple Crown's records, fall within the Settlement Class (as defined by Paragraph 1.11 of the Settlement Agreement).

**6.** **Findings Concerning Notice**. The Court finds that the Notice and the manner of its dissemination described in the previous Paragraph and in Paragraph 16 of the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process of the Constitutions of the United States and all other applicable law.

7. **Exclusion from Class**. Each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Settlement Class may mail a written request for exclusion, in the form specified in the Notice, to Class Counsel at the address set forth in the Notice. All such written requests must be postmarked by April 17, 2017. All persons who properly make requests for exclusion from the Settlement Class shall not be Settlement Class Members and shall have no rights with respect to, nor be bound by, the Settlement Agreement, should it be approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

8. **Objections and Appearances**.

(a) **Written Objections.** Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee Application. Any Settlement Class Member who wishes to object to the Settlement, must submit his or her objection in writing to Class Counsel, Attention: Michael Blotevogel, Esq., ARMBRUSTER, DRIPPS, WINTERSCHEIDT & BLOTEVOGEL, LLC, 51 Executive Plaza Court, Maryville, Illinois 62062, and to Triple Crown's counsel, Attention: Kurt E. Reitz, Esq., THOMPSON COBURN LLP, 535 West Main St., Suite 300, Belleville, Illinois

62220, postmarked not later than April 17, 2017. Class Counsel will file copies with the Court.

(b)	Objecting Settlement Class Members must include their name and address, the name and number of the case, and a statement of the reasons why they believe that the Court should find that the proposed Settlement is not in the best interest of the Settlement Class. Any Settlement Class Member who files an objection and wishes it to be heard, must also appear at the Settlement Hearing before this Court on May 17, 2017, at 10:00 a.m..

(c)	If any objecting Settlement Class Member wishes to address the Court at the Settlement Hearing, such objecting Settlement Class Member must indicate his or her intent to do so in writing to Class Counsel and Triple Crown's counsel postmarked no later than April 17, 2017, who will inform the Court.

(d)	Class Members intending to appear at the Settlement Hearing must deliver to Class Counsel and Triple Crown's counsel no later than April 17, 2017, a notice of intention to appear, setting forth (1) the name and address of the Settlement Class Member, and (2) the objection, including any papers in support thereof. Upon receipt of any such notice, the parties shall immediately file the notice with the Court. Any Settlement Class Member who does not timely deliver written objection and the notice of intention to appear by April 17, 2017, in accordance with the requirements of this Order, shall not be permitted to

object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgment of the Court. Any objection that is not timely made shall be forever barred.

(e) **Responses to Objections and Papers in Support of Final Approval and Fee Application.** Any responses to objections to the Settlement Agreement, if any, and any papers in support of final approval of the Settlement Agreement shall be filed with the Court on or before May 8, 2017. The Fee Application shall be filed with the Court on or before March 3, 2017.

9. **Dates of Performance.** In summary, the dates of performance are as follows:

(a) Defendant shall begin mailing the Notice to Settlement Class Members on or before March 3, 2017;

(b) On or before March 3, 2017, Class Counsel shall submit to this Court and serve Defendant with any application for Attorney's Fees and Expenses and Class Plaintiff Compensation they may wish to make consistent with the Settlement Agreement;

(c) Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked by April 17, 2017;

(d) All objections to the Settlement Agreement shall be filed and served by April 17, 2017;

(e)     Papers in response to objections, if any, and in support of final approval of the Settlement Agreement shall be filed by **May 8, 2017**;

(f)     The Settlement Hearing shall be held on **May 17, 2017, at 10:00 a.m.**

**10.     Effect of Failure to Approve the Settlement Agreement.** In the event the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, including but not limited to Triple Crown or the Class Plaintiff exercising its or his right to set aside settlement pursuant to Paragraph 21 of the Settlement Agreement, which such right this Court hereby approves as fair and reasonable, then the following shall apply:

(a)     All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed prior to entry of this Order;

(c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiff on any point of fact

or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action; and

(d) Nothing in this Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

11. **Discretion of Counsel.** Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including without further approval of the Court, making minor changes to the content of the Notice that they jointly deem reasonable or necessary.

12. **Injunction Pending Approval Process.** Pending final determination of whether the Settlement embodied in the Settlement Agreement is to be approved, no member of the Settlement Class, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims described in the Settlement Agreement against Triple Crown.

**IT IS SO ORDERED.**

DATED: February 6, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge
